### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

DIANE LEWIS,

    Plaintiff,

vs.                                                              CASE NO. CV-11-J-1656-NE

AETNA LIFE INSURANCE
COMPANY,

    Defendant.

### MEMORANDUM OPINION

The plaintiff filed the complaint in this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), asserting that the defendant wrongfully denied her short term and long term disability benefits, in violation of 29 U.S.C. § 1001, *et seq*. The plaintiff filed a motion for judgment as a matter of law (doc. 26), the defendant filed a motion for judgment on the administrative record (doc. 28), and both filed briefs in support of their respective positions (doc. 27 and 28-1). The defendant also filed the complete administrative record (doc. 18). The parties thereafter filed responses to each others' briefs (docs. 29 and 30).

Upon consideration of the pleadings, memoranda and evidentiary submissions received, the court concludes that the plaintiff's motion is due to be denied and the defendant's motion is due to be granted, for the reasons set forth herein.

## FACTUAL BACKGROUND

The underlying facts of this case are not in dispute. The plaintiff was employed by The Boeing Company, through which plaintiff was a covered beneficiary under a group disability benefits policy ("the Plan"). That policy provided for both short term disability ("STD") and long term disability ("LTD") benefits. The Employee Benefit Plan Committee is designated in the Plan as the Plan Administrator, although defendant AETNA Life Insurance Company ("AETNA") is the Claims Administrator for purposes of the Plan at issue. Aetna_Lewis_00097-99. Boeing is the Plan Sponsor. Aetna_Lewis_00099.

According to the documents in the administrative record, the plaintiff was initially approved for STD benefits due to being diagnosed with manic episodes requiring in-patient treatment in January 2008. Aetna_Lewis_000111, 000157. In May 2008, her doctor estimated she would need to be off work until January 2009. Aetna_Lewis_000110. The record later reflects that plaintiff's treating psychiatrist was of the opinion that the plaintiff was permanently disabled. Aetna_Lewis_000165, 000171. However, AETNA found that the plaintiff was not disabled from her own occupation in accordance with the terms of the plan after April 30, 2008, thus it terminated her benefits. Aetna_Lewis_000139, 000168, 000176-

000178. A notation that the plaintiff retired May 31, 2008, is also contained in the record. Aetna_Lewis_000143.

The plaintiff appealed this decision by letter dated September 29, 2008. Aetna_Lewis_000179. AETNA had the plaintiff's claim independently evaluated by a psychologist. Aetna_Lewis_000188-000191. Although there is no dispute that in January 2008 the plaintiff was unable to perform her own occupation, by April 2008 plaintiff's psychiatrist noted she was alert and oriented, with good eye contact, normal motor behavior, normal affect, normal speech, and no loose associations. Aetna_Lewis_000189. Additionally, she did not report any panic attacks and there were no risk concerns. *Id.* No further updates were provided by plaintiff's psychiatrist, despite requests for information. *Id*. at 000189-000190. The consulting psychologist concluded that

> Initially submitted documentation indicated the presence of manic symptoms including loose associations, pressured speech, and persecutory delusions. However, clinical information from April of 2008 indicated a normal mental status examination. Although the claimant's treating psychiatrist opined that the claimant was unable to return to work, the documentation did not include examination findings or behavioral observations to substantiate this clinical opinion. Additionally no documentation has been submitted regarding the claimant's mental status beyond an office visit of 4/16/08. Peer-to-peer consultation was unsuccessful to clarify the claimant's medical status. Taken together, the information does not support the presence of a functional impairment from 5/1/08 through present.

Aetna_Lewis_000190.

On November 7, 2008, the plaintiff was informed that the original termination of benefits decision was upheld. Aetna_ Lewis_000184-186. The plaintiff filed an additional appeal on January 6, 2009. Aetna_Lewis_000192. Although the Plan did not provide for reconsideration of an appeal denial, plaintiff's counsel was informed that if there was additional information not already considered, the Plan would allow an additional appeal to consider such information. Aetna_ Lewis_000252. After various extensions, the plaintiff refiled this notice of appeal on October 2, 2009. Aetna_Lewis_000209. By letter dated October 27, 2009, plaintiff was informed that the Boeing Plan only provided for one appeal review, thus her claim was not subject to any further administrative action. Aetna_Lewis_000218.

Because the plaintiff did not establish she was disabled for 26 continuous weeks for STD benefits, she was not eligible for LTD benefits either. Aetna_Lewis_000289. The plaintiff asserts that "Mrs. Lewis still has the same debilitating symptoms." Plaintiff's brief, at 6. However, no further medical evidence in support of such a claim was ever provided by the plaintiff.

## STANDARD OF REVIEW

ERISA itself provides no standards for evaluating a plan administrator's determination. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109, 109 S.Ct.

948, 103 L.Ed.2d 80 (1989).  Therefore, the Eleventh Circuit Court of Appeals has set out the following steps to apply in reviewing "virtually all ERISA-plan benefit denials:"

> (1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2) If the administrator's decision in fact is "*de novo* wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3) If the administrator's decision is "*de novo* wrong" and he *was* vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
>
> (5) If there is no conflict, then end the inquiry and affirm the decision.
>
> (6) If there is a conflict of interest, then apply heightened arbitrary and capricious review to the decision to affirm or deny it.

*White v. Coca-Cola Co.,* 542 F.3d 848, 853-854 (11th Cir.2008).  The sixth step of this analysis, requiring a "heightened review," was altered by *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct.2343, 171L.Ed.2d 299 (2008), where the Court ruled that the existence of a conflict of interest is "a factor" in determining whether

there is an abuse of discretion. *Id.*, 128 S.Ct. at 2347. Thus, the Eleventh Circuit altered the guidelines with the instruction that "the existence of a conflict of interest should merely be a factor for the district court to take into account when determining whether an administrator's decision was arbitrary and capricious." *Doyle v. Liberty Life Assurance Company of Boston*, 542 F.3d 1352, 1360 (11th Cir.2008). The "burden remains on the plaintiff to show the decision was arbitrary; it is not the defendant's burden to prove its decision was not tainted by self-interest." *Id.*

## LEGAL ANALYSIS

The issue before the court is whether the factual finding of the defendant, namely that the plaintiff is not disabled from her "own occupation," is correct. As a fiduciary, the defendant must administer the Plan "for the exclusive purpose of ... providing benefits to participants and their beneficiaries" and "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(A)(i), (D). The defendant must also provide a "full and fair review" of claim denials. *Id*. § 1133(2).

As set forth above, the court turns to the steps set forth by the Eleventh Circuit in reviewing an ERISA benefits decision.

> *(1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court*

*disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.*

The court must first evaluate the claims administrator's interpretation of the plan to determine whether it is "wrong." *Glazer v. Reliance Standard Life Ins. Co.*, 524 F.3d 1241, 1246 (11th Cir.2008). A decision is "wrong" if, after a review of the decision of the administrator from a *de novo* perspective, "the court disagrees with the administrator's decision." *Id.*, *citing Williams v. BellSouth Telecomms., Inc.,* 373 F.3d 1132, 1138 & n. 8 (11th Cir.2004). *See also Jett v. Blue Cross & Blue Shield of Ala.*, 890 F.2d 1137, 1139 (11th Cir.1989)("the function of the court is to determine whether there was a reasonable basis for the decision, based upon the facts as known to the administrator at the time the decision was made."). If the court determines that the plan administrator was right, the analysis ends and the decision is affirmed. *Glazer,* 524 F.3d at 1246-1247; citing *Tippitt v. Reliance Standard Life Insurance. Co.*, 457 F.3d 1227, 1232 (11th Cir.2006).

Considering the evidence in the administrative record, the court is driven to the conclusion that the administrator's decision is not wrong. The parties do not dispute that the plaintiff received short term disability benefits from January 2008 through April 2008. The issue before this court is thus whether the defendant's decision to terminate benefits as of May 1, 2008, was in error. As of the time the defendant

terminated the plaintiff's STD benefits, the only evidence it had before it concerning continuing disability was that the plaintiff had improved. No further medical evidence in contradiction of this finding was ever provided by the plaintiff, despite repeated attempts to receive updated information from either the plaintiff or her treating psychiatrist. All of the evidence plaintiff cites to this court in support of her argument she is disabled predates the medical records reflecting significant improvement in her functioning.

  Medical documentation in the administrative record dated April 16, 2008, reflected that the plaintiff demonstrated no impairments in decision-making, her cognitive functioning was intact, her judgment was good, and her affect was stable and appropriate. Aetna_Lewis_000169. A form completed on April 28, 2008, on plaintiff's behalf by her treating psychiatrist, reflected that plaintiff had "recent memory deficits," and impairment in focus and concentration, but no impairments in decision making. Aetna_Lewis_000169. As to her emotional state, it refers back to the April 16, 2008, report. It also contains the notation that "pt's primary concern of increased work load leading manic episodes & concern over her health." Aetna_Lewis_000172. Her psychiatrist concludes that the plaintiff is unable to work due

to "overwhelming anxiety & apprehension" but her Global Assessment of Functioning appears to be an 80.[1]  *Id.*

Although the plaintiff asserts that the reviewing psychologist's conclusions should be entitled to no weight, the court finds that the reviewer merely summed up the conclusions of plaintiff's treating psychiatrist and noted significant improvement. The Eleventh Circuit has rejected the plaintiff's very argument, stating that "[a] plan administrator has no obligation to give a treating physician's opinion more weight." *Gipson v. Administrative Committee of Delta Air Lines, Inc.*, 350 Fed.Appx. 389, 395 (11th Cir.2009)(noting that treating physician's opinion was conclusory and failed to provide any basis for the decision that the plaintiff was unable to work); citing *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003).  In spite of plaintiff's arguments otherwise, the denial of plaintiff's benefits was not based on a rejection of the medical evidence submitted by her treating physician (plaintiff's brief at 15), but a complete absence of any evidence demonstrating a continuing disability.[2]

---

[1] The writing is particularly hard to read.  Thus, while the GAF appears to be an "80," the court has given such a finding minimal weight, as that score may actually be otherwise.

[2] The parties do not dispute that the plaintiff sought STD and LTD benefits based solely on her mental limitations arising from bipolar disorder and mania.  However, the plaintiff's complaint is replete with statements concerning "physical impairments" which "have resulted in chronic pain and discomfort" for which she is treated with "narcotic pain relievers," but continued "to suffer from break through pain..." "so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment..."

Under the above standards, the court finds that the decision of the administrator was not "wrong." Specifically, the court finds the defendant's determination to be reasonable and well-supported by the facts it had before it. Because the court finds that the decision of the claims administrator was right, the court goes no further in the analysis. *See Glazer,* 524 F.3d at 1246-1247; citing *Tippitt v. Reliance Standard Life Insurance. Co.*, 457 F.3d 1227, 1232 (11th Cir.2006).

## CONCLUSION

For the reasons stated herein, the court is of the opinion that the decision on behalf of the Plan was correct. Because this case is before the court on cross-motions for judgment on the administrative record, and the court is of the opinion that no genuine issues of material fact exist, this matter is wholly disposed of by the cross-motions. An Order affirming the decision of the defendant, granting the defendant's motion for judgment on the administrative record, and denying the plaintiffs' motion for judgment as a matter of law, shall be entered contemporaneously herewith.

**DONE** and **ORDERED** this the 10th day of October, 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

Plaintiff's complaint, ¶¶ 39-43. The court notes only that nothing in the administrative record reflects that the plaintiff suffers from any physical limitations.